IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENEE FEREBEE                         :

       v.                              :   Civil Action No. DKC 15-3840

INTERNATIONAL HOUSE OF
PANCAKES[1]                           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is: a motion to remand filed by Plaintiff Renee Ferebee ("Plaintiff") (ECF No. 13); and a motion to dismiss and for attorneys' fees and costs filed by Defendant Uni-Hop, Inc. ("Defendant") (ECF No. 10).[2] The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion to remand will be denied. Defendant's motion will be granted in part and denied in part.

**I.  Background**

A more detailed factual background may be found at *Ferebee v. International House of Pancakes*, No. DKC-13-3817, 2015 WL

---

[1] Defendant states in its motion to dismiss that its correct name is Uni-Hop, Inc., and that it is incorrectly identified as "International House of Pancakes" in the caption. (*See* ECF No. 10, at 1).

[2] Plaintiff's motion is styled as a "Motion to go Against Defendant for Removal." Given Plaintiff's *pro se* status, the court will construe the motion as a motion to remand.

5052728 (D.Md. Aug. 25, 2015).[3] In June 2013, Plaintiff applied for a job at an IHOP restaurant in Oxon Hill, Maryland owned by Defendant. Defendant ultimately did not hire Plaintiff, which Plaintiff contends was because of her age. (*See* ECF No. 2, at 1).

In July 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against by Defendant in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C §§ 621 *et seq.* (ECF No. 2, at 4). This EEOC charge was also the basis of Plaintiff's prior suit against Defendant. *See* DKC-13-3817, ECF No. 1-2, at 2. In the prior suit, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court for Prince George's County on November 4, 2013, seeking relief of five million dollars. *See Ferebee*, 2015 WL 5052728 at *2. Following removal to this court and discovery, the undersigned entered summary judgment in favor of Defendant and against Plaintiff on August 25, 2015. *Id.* at *7. Plaintiff

---

[3] "[A] federal court may consider matters of public record such as documents from prior . . . court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). This is particularly true where, as here, Defendant seeks dismissal pursuant to the doctrine of *res judicata*. *See Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) ("[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." (citation and internal quotation marks omitted)).

filed an appeal with the United States Court of Appeals for the Fourth Circuit, which was dismissed for failure to prosecute. *See* DKC-13-3817, ECF No. 58.

On November 12, 2015, Plaintiff, again proceeding *pro se*, filed a complaint in the District Court of Maryland for Prince George's County, commencing this action. (ECF No. 2). The complaint contains the same allegations that were put forth in the prior suit, but seeks only $30,000 in damages. The state court records indicate that Defendant was served on November 30. According to Defendant, the complaint and summons were mailed to the incorrect address, and thus Defendant contends that it has not been properly served. (ECF No. 1, at 1-2). Nonetheless, Defendant obtained a copy of the state court file and timely removed the action to this court on December 22. (*Id.*). On December 29, Defendant filed the pending motion to dismiss. (ECF No. 10). On January 4, 2016, Plaintiff filed the pending motion to remand. (ECF Nos. 13; 14).[4] Defendant filed a reply in support of its motion to dismiss (ECF No. 15) and a response in opposition to Plaintiff's motion to remand (ECF No. 16). Plaintiff has not filed a reply in support of her motion, and the time in which to do so has passed.

---

[4] Plaintiff filed a "Motion to go Against Defendant for Removal" (ECF No. 13) and a "Continuation Opposing Defendant's Removal of Plaintiff's Case" (ECF No. 14). Read together, the two papers constitute a motion to remand and Plaintiff's opposition to Defendant's motion to dismiss.

**II.  Motion to Remand**

    **A.  Standard of Review**

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

    **B.  Analysis**

Defendant removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 ¶ 2). It is difficult to discern Plaintiff's argument for remand, but she appears to assert that removal is not appropriate "because . . . dismissal has already been set in the District Court of Maryland in Greenbelt" and "Plaintiff filed again, in the lower court (small claims), for a lower amount, in which Plaintiff saw

another avenue for retaining her judgment against the defendant." (ECF No. 13, at 1).

Pursuant to § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question to federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983).  Here, Plaintiff's complaint alleges age discrimination in violation of the ADEA, a federal statute.[5]  For actions removed under federal question jurisdiction, unlike those removed for diversity jurisdiction, there is no minimum amount in controversy.  Thus, the fact that Plaintiff now seeks only $30,000 does not strip this court of jurisdiction over an action brought under the ADEA.  Similarly,

---

[5] Although Plaintiff's complaint does not expressly mention the ADEA, it alleges that she "was discriminated [because of] 'age' for hiring" and ends by stating that her claim is for "age discrimination." (ECF No. 2, at 1). Plaintiff attaches to the complaint her EEOC charge, which states that she is asserting a claim of discrimination under the ADEA. (*Id.* at 4). The complaint does not reference a cause of action under any state or local law. Moreover, Plaintiff's motion to remand does not contend that federal question jurisdiction is lacking. Accordingly, it is clear on the face of Plaintiff's complaint that federal question jurisdiction exists.

Plaintiff's desire to proceed in state court is not a proper basis to remand a properly-removed action. Accordingly, Plaintiff's motion to remand will be denied.

**III. Motion to Dismiss**

    **A.   Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).

Affirmative defenses such as *res judicata* are not typically considered at the motion to dismiss stage. The Fourth Circuit, however, has permitted dismissal on *res judicata* grounds:

> Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res*

>*judicata* defense raises no disputed issue of
>fact.

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (citations omitted).

### B. Analysis

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). A claim is barred by *res judicata* if the following three requirements are met: "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).

Here, it is apparent from the face of the complaint that all three requirements are met. First, the undersigned entered summary judgment against Plaintiff in the prior action. *Ferebee*, 2015 WL 5052728, at *7. A summary judgment ruling is a judgment on the merits. *See Edokobi v. M&M Mortg. Servs., Inc.*, No. PWG-13-3707, 2014 WL 5393527, at *4 (D.Md. Oct. 22, 2014)

7

(citing *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4${}^{th}$ Cir. 1984)).  Next, the parties in this action are identical to those in the prior action.  Finally, this suit is based on the same cause of action.  In fact, Plaintiff is bringing the exact same age discrimination claim as she did in the prior suit.  Plaintiff admits as much in her opposition: "Let the record show, that Plaintiff, is very strong hearted about the decision against Uni-Hop (International House of Pancakes), because she is back again, *for the same claim*, but in a smaller court." (ECF No. 14, at 1 (emphasis added)).  Plaintiff has had a full and fair opportunity to litigate her claim against Defendant in the prior action, and she cannot overcome the principles of *res judicata* because she wishes to proceed before another court.  Accordingly, Defendant's motion to dismiss will be granted.

**IV. Defendant's Request for Attorneys' Fees and Costs**

Defendant seeks attorneys' fees and costs because "[g]iven the prior proceedings before this [c]ourt and Plaintiff's attempt to re-litigate claims that have already been decided by this [c]ourt, Plaintiff's current action is frivolous, unreasonable, and without foundation." (ECF No. 11, at 7).

> Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, many terms of which have been applied to ADEA cases, a prevailing defendant may also be awarded attorney's fees when a plaintiff's claims are shown to have been frivolous or without merit. *Hoover*

8

> v. Armco, Inc., 691 F.Supp. 184, 187 (W.D.Mo. 1988), aff'd 915 F.2d 355 (8th Cir. 1990). See also Christiansburg Garment v. Equal Employment Opportunity Commission, 434 U.S. 412 (1978); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). A claim is "frivolous" if a plaintiff presents no evidence to support his claim or if he has gone forward on the basis of no colorable legal theory. See Gilyard [v. S.C. Dept. of Youth Servs.], 667 F.Supp. 266, 277 (D.SC. 1985). Under the Christiansburg standard, bad faith on the part of the plaintiff is not a condition of an award of fees. See id. at 278 n.5.
>
> . . . .
>
> While the ADEA does not specifically provide for the award of attorney's fees to a prevailing defendant, courts have found various justifications for making fee awards in such cases. See, e.g., EEOC v. Clay Printing Co., 13 F.3d 813 (4th Cir. 1994) (U.S. Government could be assessed attorney's fees under Equal Access to Justice Act for frivolous ADEA claim); Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998) (plaintiff who exhibited bad faith in pursuing ADEA case could be assessed fees); Colbert [v. Yadkin Valley Tel. Membership Corp.], 960 F.Supp. 84 (M.D.N.C. 1997) (both bad faith exception to American Rule and Christiansburg standard warranted fee award to prevailing employer in ADEA case).

Davis v. Target Stores Div. of Dayton Hudson Corp., 87 F.Supp.2d 492, 494-95 (D.Md. 2000).

Although Plaintiff's claim is barred by res judicata, her actions do not warrant the awarding of attorneys' fees and costs to Defendant. Plaintiff proceeded in both actions pro se and

believed that she could bring this action by filing a complaint in a different court seeking a smaller amount of damages.  Such a belief, although incorrect, is not sufficient to justify an award of attorneys' fees, particularly in light of Plaintiff's *pro se* status.  Plaintiff is now on notice of the relevant *res judicata* principles and is forewarned that she may be liable for Defendant's attorneys' fees and costs should she commence additional actions relating to this claim.

In addition, Defendant asks that the court "enter an Order prohibiting Plaintiff from any future attempts to re-file her claims against Uni-Hop to ensure that Uni-Hop is not subjected to repeated attempts at re-litigation."  (ECF No. 11, at 7).

> "A federal court has the power to issue prefiling injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty." *Tucker v. Seiber,* 17 F.3d 1434 (4th Cir. 1994) (unpublished table opinion) (citing *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir. 1986); *Graham v. Riddle,* 554 F.2d 133, 135 (4th Cir. 1977)).  The injunction must not, however, effectively deny access to the courts, and the district court must give the litigant notice and the opportunity to be heard prior to granting the injunction. *Id.* (citations omitted). The factors to be considered in evaluating a prefiling injunction are: (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of

> other sanctions. *Id.* (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), *cert. denied,* 479 U.S. 1099, (1987)). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir,* 792 F.2d at 24.

*Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D.Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F.App'x 175 (4th Cir. 2003). Here, a weighing of the *Safir* factors does not support entering the requested order at this juncture. As noted above, Plaintiff is now forewarned that she may be subject to such sanctions should she continue to file similar complaints against Defendant or otherwise initiate vexatious litigation.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied. Defendant's motion will be granted in part and denied in part. A separate order will follow.

    /s/
DEBORAH K. CHASANOW
United States District Judge
